**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-11718

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

UFUMWEN GRACE AGUEBOR,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:24-cr-00012-RH-MAF-3

————————————

Before LUCK, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ufumwen "Grace" Aguebor appeals her sentence of seventy months imprisonment for conspiracy to commit wire fraud and aiding and abetting aggravated identity

theft.  She argues that the district court imposed a substantively unreasonable sentence by failing to adequately weigh her medical needs.  After careful review, we affirm.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  A district court abuses its discretion and imposes a substantively unreasonable sentence only if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (quotation marks omitted).

The weight given to any specific § 3553(a) factor is "committed to the sound discretion of the district court."  *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021).  The § 3553(a) factors include: the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the crime, the promotion of respect for the law, just punishment, adequate deterrence, and the need to avoid unwarranted sentence disparities.  18 U.S.C. § 3553(a).

Aguebor argues that her sentence was substantively unreasonable because the court did not adequately consider her medical needs, including her specialized medical treatment.  She was hospitalized at age twenty-six, at which time a heart catheter was placed and she began dialysis.  After undergoing dialysis three times

a week for seven years, Aguebor received a kidney transplant in March 2021. In a letter to the probation officer, Aguebor explained that kidney transplant recipients must take immune-suppressant drugs in order to stop their immune system from attacking and rejecting the new kidney.[1] She asked the court to consider the difficulty she would incur in serving her sentence because "no one would choose the Bureau of Prisons (BOP) as a good place to be for someone who has undergone a kidney transplant."

The district court imposed its sentence after properly considering the relevant § 3553(a) factors, including Aguebor's medical needs. At the sentencing hearing, Aguebor raised her concern with the BOP's ability to maintain her medication regimen. The court agreed to ask the probation office to coordinate her medication regimen with the BOP before she self-surrendered, and also explained it could extend the self-surrender deadline if necessary. The court further told Aguebor it would recommend a designation at a federal medical facility and it had no "reason to think that the [BOP] would be unable, too short-staffed to be able to deal with it."

The court considered Aguebor's medical needs, as seen at the sentencing hearing. And the weight given to any of the § 3553(a) factors is up to the discretion of the district court. *Riley*,

---

[1] The government does not dispute Aguebor's medical needs, but it does argue that since her medical conditions preceded the offense conduct, a guideline sentence was justified.

4                          Opinion of the Court                    25-11718

995 F.3d at 1279.  Thus, the district court did not abuse its discretion.  Accordingly, we affirm.

**AFFIRMED.**